UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
7172 COLUMBIA, INC. & :
    BCFL HOLDINGS, INC., :
: CASE NO. 1:13-CV-1034
*Plaintiff*s, :
:
vs. : OPINION & ORDER
: [Resolving Doc. No. 9]
VENTAS, INC., :
:
*Defendant.* :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this case, Plaintiffs 7172 Columbia, Inc., and BCFL Holdings, Inc., seek, among other things, capital reimbursements from Defendant Ventas, Inc.[1] BCFL Holdings entered into a master lease agreement with a subsidiary of Ventas, allowing 7172 Columbia, Inc. to operate a series of Ohio nursing homes.[2] Ventas now asks this Court to join Nationwide Health Properties, LLC, ("NHP"), Ventas's wholly-owned subsidiary, as a defendant.[3] Ventas also asks to join BCFL Holding's principal, Brian Colleran, as an involuntary plaintiff.[4] Plaintiffs, whose response was due

---

[1] Doc. 1-3.
[2] *Id.*
[3] Doc. 9-1.
[4] *Id.*

Case No.  1:13-CV-1034
Gwin, J.

three weeks ago, have not responded to the motion.[5]

"Courts in this Circuit use a three-step process for determining joinder under Rule 19."[6] First, the Court examines whether the party is necessary pursuant to Rule 19(a).[7] If the absent party is deemed necessary under Rule 19(a), the Court next considers the issues of personal jurisdiction and indispensability.[8] "If personal jurisdiction is present, the party *shall* be joined; however, in the absence of personal jurisdiction or if venue as to the joined party is improper), the party cannot properly be brought before the court."[9] If the party cannot be part of the proceedings, the Court considers the factors in Rule 19(b) to determine if it "may proceed without the absent party or, to the contrary, must dismiss the case due to the indispensability of that party."[10] When conducting its analysis, the Court must be mindful that the rules should "not be applied in a rigid manner," but

---

[5] *See* N.D. Ohio R. 7.1(d) ("Unless otherwise ordered by the Judicial Officer, each party opposing a motion must serve and file a memorandum in opposition within thirty (30) days after service of any dispositive motion and within fourteen (14) days after service of any non-dispositive motion.").

[6] *United States v. City of Detroit*, 712 F.3d 925, 948 (6th Cir. 2013) (citation omitted).

[7] *See* Fed. R. Civ. P. 19(a) ("A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
(A) in that person's absence, the court cannot accord complete relief among existing parties; or
(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
(i) as a practical matter impair or impede the person's ability to protect the interest; or
(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.")

[8] *Keweenaw Bay Indian Comm. v. Michigan*, 11 F.3d 1341, 1345-46 (6th Cir. 1993).

[9] *Id.*

[10] *See* Fed. R. Civ. P. 19(b) ("The factors for the court to consider include:
(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
(2) the extent to which any prejudice could be lessened or avoided by:
(A) protective provisions in the judgment;
(B) shaping the relief; or
(C) other measures;
(3) whether a judgment rendered in the person's absence would be adequate; and
(4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.").

Case No. 1:13-CV-1034
Gwin, J.

should be "governed by the practicalities of the individual case."[11]

Defendant Ventas seeks the joinder of NHP because NHP is the landlord under the Master Lease in dispute. Also at issue in the case are the parties' rights under a lease guaranty and letter of credit agreement. NHP is the beneficiary under those instruments. Colleran executed one of them. Including both parties would thus allow for all parties' rights to be considered and adjudicated, satisfying Rule 19(a). The Court further finds that the parties' absence could cause a result that yields "inconsistent obligations,"[12] to say nothing of the unnecessary duplication of judicial proceedings. Both NHP and Colleran are necessary to the instant proceedings.

Joinder of both parties would not affect this Court's subject-matter jurisdiction. Federal subject-matter jurisdiction currently exists because the parties are diverse. Plaintiff 7172 Columbia is an Ohio corporation, and Plaintiff BCFL is a Florida corporation.[13] Defendant Ventas is a Delaware corporation.[14] Adding NHP and Colleran would not upset the complete diversity requirement found in 28 U.S.C. § 1332.[15] Colleran is a citizen of Florida and NHP is a Delaware corporation.[16] Therefore, diversity jurisdiction remains intact.

Finally, the parties to be joined are subject to personal jurisdiction in Ohio. "A federal court sitting in diversity may not exercise jurisdiction over a defendant unless courts of the forum state

---

[11] *Keweenaw Bay*, 11 F.3d at 1346 (quotation omitted).
[12] Fed. R. Civ. P. 19(a).
[13] Doc. 1-3.
[14] *Id.*
[15] 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States.").
[16] The parties represented to the Court at its case management conference that Colleran was a resident of Florida. If he is, in fact, a resident of Ohio, the diversity jurisdiction analysis remains the same and the personal jurisdiction requirement is satisfied.

Case No. 1:13-CV-1034
Gwin, J.

would be authorized to do so by state law—and any such exercise of jurisdiction must be compatible with the due process requirements of the United States Constitution."[17] In Ohio, courts exercise personal jurisdiction over a non-resident "if his conduct falls within the nine bases for jurisdiction listed by the [Ohio long-arm statute]."[18]

One such basis is "transacting any business" in the state.[19] Both parties to be joined executed written instruments in Ohio, affecting property or agreements in Ohio.[20] The Court therefore finds that they are subject to personal jurisdiction.

Accordingly, the Court GRANTS Defendant Ventas's motion to join NHP as a Defendant, and to join Brian Colleran as an involuntary plaintiff.

IT IS SO ORDERED.


Dated: July 22, 2013				s/	*James S. Gwin*
						JAMES S. GWIN
						UNITED STATES DISTRICT JUDGE

---

[17] *Conn v. Zakharov*, 667 F.3d 705, 711 (6th Cir. 2012) (quotation omitted).
[18] *Id.* (citing Ohio Rev. Code § 2307.382(A)).
[19] Ohio Rev. Code § 2307.382(A)(1).
[20] *See* doc. 1-3, at 15 (sublease between 7172 Columbia and NHP); at 47 (master lease agreement).